UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARY BLANEY, and FRANCES
LOMBARDI,

               Plaintiffs,

       v.

TOWN OF OYSTER BAY, *et al.*,

               Defendants.

**MEMORANDUM & ORDER**
24-CV-01134 (HG) (ARL)

**HECTOR GONZALEZ**, United States District Judge:

Before the Court are two separate motions to dismiss for failure to state a claim: one

from Defendant Town of Oyster Bay, and another from Defendants County of Nassau, Carnell

Foskey, Denise Vedder, John O'Connor, Beth McKenzie, Patrick O'Connor, and Nassau County

Police Department ("County Defendants"). ECF Nos. 39, 40 (Motions to Dismiss). For the

reasons set out below, and for the reasons described in the Court's August 19, 2024, Order, the

Court grants both motions and dismisses Plaintiffs' Amended Complaint. *See* ECF No. 34 (Aug.

19, 2024, Order); ECF No. 38 (Amended Complaint; "AC").[1]

---

[1]     Two Defendants, Lisa O'Connor and Christopher Poggiali (the "Non-Appearing
Defendants"), have not yet appeared in this action. The Court dismisses the claims against those
Defendants for the same reasons it dismisses the claims against the other Defendants. "The
district court has the power to dismiss a complaint sua sponte for failure to state a claim . . . so
long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of
Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). Here, Plaintiffs were "given notice that the [other]
defendants were moving to dismiss," and Plaintiffs had—and took—multiple opportunities to
respond. *Id.*; *see* ECF Nos. 41, 42, 44 (Plaintiffs' Responses). The Court therefore dismisses the
claims against all Defendants, including the Non-Appearing Defendants, for the reasons
discussed below.

## BACKGROUND[2]

On February 14, 2024, Plaintiffs Mary Blaney and Frances Lombardi commenced this fee-paid *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983").[3]  ECF No. 1 (Complaint). Defendant Town of Oyster Bay filed a pre-motion letter in anticipation of a motion to dismiss Plaintiffs' Complaint, and County Defendants filed a separate letter in anticipation of the same. ECF Nos. 19, 28 (Pre-Motion Letters).  On August 19, 2024, the Court issued an Order warning Plaintiffs that Defendants had identified "serious questions about Plaintiffs' claims that would be sufficient grounds to dismiss the Complaint" in their pre-motion letters, outlined the issues likely to result in the dismissal of Plaintiffs' Complaint, and directed Plaintiffs to file an amended complaint.  ECF No. 34 at 4.  Plaintiffs did so on September 23, 2024.  *See* AC.  After Plaintiffs filed the AC, Defendant Town of Oyster Bay and County Defendants filed subsequent pre-motion letters in anticipation of motions to dismiss, arguing that the AC merely "restates the wording of numerous allegations," and still fails to state a claim against Defendants.  ECF No. 39 at 1; *see* ECF No. 40.  The Court converted those letters to motions to dismiss "[b]ecause of the straightforward nature of the grounds for dismissal that are set forth in Defendants' letters, and because Plaintiffs' [AC] [did not cure] the deficiencies in their case identified in the Court's August 19, 2024, Order."  November 15, 2024, Text Order.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the

---

[2]    The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Unless otherwise noted, case law quotations in this Order omit all alterations, internal quotation marks, citations, and footnotes.

[3]    The Court assumes the parties' familiarity with the factual allegations, which the Court described in its August 19, 2024, Order.  *See* ECF No. 34.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020). Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020). But where "the problem with [a *pro se* plaintiff's] causes of action is substantive[,] better pleading will not cure it," and leave to amend may be properly denied as "futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against the defendant so that it has adequate notice of the claims against it. *Iqbal*, 556 U.S. at 677–78 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678. To satisfy this standard, a complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding

of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

## DISCUSSION

Plaintiffs purport to bring their claims pursuant to Section 1983. "Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Rivera v. City of New York*, No. 20-cv-9968, 2022 WL 1523165, at *4 (S.D.N.Y. May 13, 2022). However, "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Kampfer v. Argotsinger*, 856 F. App'x 331, 333 (2d Cir. 2021). For Plaintiffs to bring a claim under Section 1983, they must show that the harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Subject to limited exceptions, Section 1983 does not apply to claims against private individuals or private organizations. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct."). Since Plaintiffs are asserting a claim pursuant to Section 1983 against a municipality, the Town of Oyster Bay, they must allege "challenged conduct" that was done "pursuant to official municipal policy or a decision by a municipal policymaker that violates federal law," as required by the U.S. Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny. *Rodrigues v. City of New York*, 835 F. App'x 615, 618 (2d Cir. 2020) (affirming dismissal of municipal liability claim brought by *pro se* plaintiff). And, "[t]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of

4

allegations of fact tending to support, at least circumstantially, such an inference." *Cotto v. City of New York*, 803 F. App'x 500, 503 (2d Cir. 2020) (affirming dismissal of municipal liability claim brought by *pro se* plaintiff).

Applying these principles here, even after amending their complaint, Plaintiffs still fail to state a claim under Section 1983.  In its prior Order, the Court explained that the original complaint was insufficient, in part, because it did not "allege any conduct against, or harm suffered by," Plaintiff Frances Lombardi.  ECF No. 34 at 5.  Now, the AC alleges that Ms. Lombardi "is the main shareholder" of Ms. Blaney's family real estate business, and Defendants Mr. Poggiali and Ms. Vedder, who apparently work for the Town of Oyster Bay and Nassau County, respectively, "somehow got into the . . . smart phone" for the family business and circulated a video to certain contacts as part of a "terror and stalking campaign."  AC at 2, 9–10, 19.  Although this new allegation tenuously involves Ms. Lombardi, it does not assert that Mr. Poggiali or Ms. Vedder were "acting under color of state law" or "pursuant to official municipal policy or a decision by a municipal policymaker," or that the alleged misconduct deprived Ms. Lombardi of any constitutional rights.  *Cornejo*, 592 F.3d at 127; *Rodrigues*, 835 F. App'x at 618.  The Court previously identified similar flaws in the allegations involving Ms. Blaney, and those points still hold true.  *See* ECF No. 34 at 6.  Nowhere does the AC allege a violation of Ms. Blaney's constitutional rights; the AC includes numerous vague allegations of wrongdoing, often against non-parties, without identifying a purported perpetrator; and to the extent that the AC does identify a perpetrator, it does not assert that such person was acting under color of state law or pursuant to municipal policy or a decision by a municipal policymaker.  *Cornejo*, 592 F.3d at 127; *Rodrigues*, 835 F. App'x at 618.

Thus, Defendants' motions to dismiss are granted.  Notwithstanding Plaintiffs' *pro se*

status, the Court does not grant Plaintiffs additional leave to amend, as the Court finds that

another opportunity to amend would be futile.  *See Cuoco*, 222 F.3d at 112.[4]

## CONCLUSION

For the reasons stated herein, and for the reasons explained in the Court's August 19,

2024, Order, the AC is dismissed with prejudice for failure to state a claim.  *See* ECF Nos. 34,

38.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order, to

close this case, and to mail a copy of this Order and the judgment to *pro se* Plaintiffs and to note

the mailing on the docket.  Although Plaintiffs have paid the filing fee, the Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith, and, therefore, in *forma pauperis* status is denied for purpose of an appeal.  *See Coppedge

v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       May 7, 2025

---

[4]     Although the Court need not reach the issue, Plaintiffs' claims relating to conduct that accrued prior to February 14, 2021, are also presumably time barred.  ECF No. 34 at 6 (citing *Rivera*, 2022 WL 1523165, at *4 ("Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations.")).